CAUSE NO. _____  CV-24-165-BLG-TJC

CLERK OF THE DISTRICT COURT
TERRY HALPIN

| | |
|---|---|
| WHOLESALE REMARKETING D/B/A A1, § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | DV24-0121 FILED BY_____ DEPUTY |
| vs. | YELLOWSTONE COUNTY, MONTANA |
| COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, | Ashley Harada |
| Defendant. | _____ JUDICIAL DISTRICT |

FILED 11/15/2024
Clerk, U.S. District Court
District of Montana
Billings Division

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Wholesale Remarketing d/b/a A1 ("Wholesale"), Plaintiff herein, files this Original Petition against Colonial Life & Accident Insurance Company ("Colonial") and, in support of its causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Wholesale is a limited liability company doing business as A1 with its principal office in Yellowstone County, Montana.

2. Colonial is an insurance company doing business in the State of Montana, for the purposes of MCA 33-18-201, et seq. Service of process may be attempted by mail upon Colonial's registered agent for service of process in the State of Montana, Corporation Service Company, via certified mail at 26 West 6th Avenue, P.O. Box 1691, Helena, MT 59624-16911.

### II.
### JURISDICTION AND VENUE

3. Colonial is subject to this Court's jurisdiction because it conducts business in the State of Montana and Wholesale's causes of action arise out of the business activities in Montana.

Venue is proper in Yellowstone County, pursuant to MCA 25-2-121(2)(c), as the basis of this action is based on a contract for indemnity or insurance relating to a loss occurring in, and/or where payment from an insurer shall be made in, and/or the insured property giving rise to this cause of action is situated in, Yellowstone County, Montana. Further, venue is proper in Yellowstone County, Pursuant to MCA 25-2-122(1)(b), MCA 25-2-122(2)(a) and (b), and MCA 25-2-122(3) (a) and (b), as the contract in question is/was to be performed in, and the torts and statutory violations occurred, in whole or in part, in Yellowstone County.

### III.
### CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Wholesale currently seeks monetary relief of at least $325,000.00, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

### IV.
### FACTUAL BACKGROUND

5. Wholesale is the named beneficiary under a policy insuring the life of its deceased employee, Laura Marks ("Ms. Marks") bearing Policy Nos. 8567281180 and 8567281750 issued by Colonial (the "Policy").

6. On or about November 5, 2020, Wholesale applied for, paid for, and was issued two life insurance policies by Colonial for Laura Marks with a total limit of $325,000.00 ($32,500.00 and $292,500.00).

7. The policies issued by Colonial became effective on January 1, 2021.

8. Ms. Marks was an employee of Wholesale. On January 5, 2021, Ms. Marks passed away.

9. Wholesale subsequently made a claim on the policies on November 28, 2022.

10. Pursuant to Montana law at MCA 33-18-232 and MCA 33-18-201(5), Colonial had thirty (30) days (or sixty (60) days if it made a reasonable request for additional information, which it did not) to evaluate the claim and make timely payment, which Colonial failed to do.

11. On December 8, 2022, Colonial wrongfully denied the claim. Colonial proffered multiple and conflicting reasons for denying coverage. Colonial eventually informed Wholesale that it was rejecting the claim alleging that Ms. Marks was not a member of an eligible class based on the coverage effective date shown on the certificate schedule. As an employee, Ms. Marks **was** an eligible member of the class, which Colonial knew because the beneficiary attempted to explain any confusion surrounding the issue. Colonial unreasonably failed and refused to engage in those discussions.

12. As such, Wholesale has suffered damages and brings this suit to recover.

## V.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

14. Defendant is liable to Wholesale for breach of contract, violations of the Montana Unfair Trade Practices Act and breach of the common law duty of good faith and fair dealing, all with malice, conscious or intentional disregard of, or with indifference to, the high probability of injury to the Wholesale.

### A. Breach of Contract.

15. Wholesale incorporates the preceding allegations by reference and restates them as if set forth fully herein.

16. The Policy is a valid, binding, and enforceable contract between Wholesale and Colonial. Colonial breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Montana law. Colonial's breach proximately caused Wholesale's

injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by Wholesale, or Colonial are estopped from raising the issue due to Colonial's prior breach of the insurance contract.

**B.     Violations of Montana Unfair Trade Practices Act.**

17.    Wholesale incorporates the preceding allegations by reference and restates them as if set forth fully herein.

18.    Colonial is liable to Wholesale for the following violations of the MCA 33-18-201:

  a. Misrepresenting and/or failing to discuss with Wholesale pertinent facts or policy provisions relating to cover at issue in violation of MCA 334-18-201 (1) and (14);

  b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Colonial's liability has become reasonably clear in violation of MCA 33-18-201 (6);

  c. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim in violation of MCA 33-18-201 (4);

  d. Failing to affirm or deny coverage of claims within a reasonable time in violation of MCA 33-18-232 and MCA 33-18-201 (5); and

  e. Colonial's unfair settlement practices, as described above, compelled Wholesale to initiate a lawsuit to recover amounts due under the Policy by offering substantially less than the amount ultimately recovered, compelling Wholesale to file suit, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance in violation of MCA 33-18-201(7).

19. The failure of Colonial to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of MCA 33-18-232 and MCA 33-18-201 (5).

### C. Breach Of The Duty Of Good Faith And Fair Dealing.

20. Wholesale incorporates the preceding allegations by reference and restates them as if set forth fully herein.

21. In Montana, every contract contains an implied covenant of good faith and fair dealing. The Covenant arises not from the contract itself, but from the parties' "justifiable expectations" regarding its performance. *Hardy v. Vision Serv.'s Plan*, 2005 MT 232, ¶13, 328 Mont. 385, 120 P.3d 402. It requires "honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." *Bridger Del Sol, Inc. v. Vincentview LLC*, 2017 MT 293, ¶10, 406 Mont. 415, 389 P.3d 415. It "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *HSBC Bank USA, Nat. Assoc. v. Anderson*, 2017 MT 257, ¶48, 389 Mont. 106, 406 P.3d 416.

22. Colonial breached the common law duty of good faith and fair dealing owed to Wholesale by denying or delaying payment on the Claim when Colonial knew or should have known that its liability to Wholesale was reasonably clear. Colonial's conduct proximately caused Wholesale's injuries and damages.

23. Wholesale engaged the undersigned attorney to prosecute this lawsuit against Colonial and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal. Therefore, Wholesale is entitled to recover a sum for the reasonable and necessary services of Wholesale's attorneys in the preparation and trial of this action, including any appeals to the Supreme Court of Montana; *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98,

315 Mont. 231, 69 P.3d 653.

24.   Pursuant to MCA 33-18-232, Wholesale is further entitled to 10% interest on the claim amount from December 28, 2022 (when Colonial should have paid the claim), which totals $42,828.76 through June 3, 2024, accruing at the rate of $89.04/day.

## VI.
## CONDITIONS PRECEDENT

25.   All conditions precedent to Wholesale's right to recover have been fully performed, or have been waived by Defendant.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Wholesale Remarketing dba A1 prays that, upon final hearing of the case, it recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Wholesale be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Wholesale may show itself to be justly entitled.

{signature on the next page}

Respectfully submitted,

LINDSEY LAW, PLLC

By: */s/ Travis R. Lindsey*
Travis R. Lindsey, #56664276
15501 N. Adeline Ln.
Spokane, WA 99208
509.472.6525 – Ofc Telephone
888.938.1717 – Fax
Email: travis@lindseypllc.com

**ATTORNEYS FOR PLAINTIFF**